**MOBIL OIL EXPLORATION CO., Petitioners,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

No. 86-4940.

United States Court of Appeals, Fifth Circuit.

April 2, 1987.

John L. Williford, Larry Pain, Jennifer A. Cates, Bartlesville, Okl., for Phillips Petroleum Co. and Phillips 66 Natural Gas Co.

Kenneth J. Neises, St. Louis, Mo., for Laclede Gas Co.

Jeffrey M. Petrash, James H. Holt, Washington, D.C., for Michigan Consolidated Gas Co.

William T. Miller, Susan N. Kelly, Washington, D.C., for American Public Gas Assn.

Kevin M. Sweeney, Washington, D.C., for Amoco Production Co.

Thomas M. Patrick, Chicago, Ill., for The Peoples Gas Light and Coke Co. and North Shore Gas Co.

Kevin M. Sweeney, Washington, D.C., George H. Rothschild, Jr., Houston, Tex., for Marathon Oil Co.

Thomas C. Gorak, John M. Glynn, Baltimore, Md., for Maryland People's Counsel.

Robert A. Jablon, Scott H. Strauss, Washington, D.C., for Ft. Pierce Utilities Authority, the City of Gainesville, Gainesville Regional Utilities, the City of Homestead, Kissimmee and Lakeland, the Orlando Utilities Com'n, the Sebring Utilities Com'n, and the cities of St. Cloud, Starke, Tallahassee, and Vero Beach, Florida (Florida Cities).

Steven F. Greenwald, Lindsey How-Downing, San Francisco, Cal., for Pacific Gas and Elec. Co.

Glenn W. Letham, Kenneth M. Albert, Washington, D.C., for Memphis Light, Gas and Water Div., City of Memphis, Tenn.

Eugene R. Elrod, Donald H. Smith, Washington, D.C., for Plains Petroleum Co.

John H. Cheatham, III, Edward B. Myers, Washington, D.C., for Interstate Natural Gas Ass'n of America.

William I. Harkaway, Steven J. Kalish, Washington, D.C., for Southwest Gas Corp.

John K. McDonald, Richard E. Powers, Jr., Charles E. Suffling, John M. Hopper, Jr., Washington, D.C., for Pennzoil Co.

Harris J. Wood, Norma J. Rosner, Dallas, Tex., for Arco Oil and Gas Co.

George J. Meiburger, Frank X. Kelly, Peter C. Lesch, Washington, D.C., for Northern Natural Gas Co., Div. of Enron Corp.

Albert Sylvia, III, Los Angeles, Cal., for Union Oil Co. of California.

Karen A. Berndt, Ralph J. Pearson, Jr., Houston, Tex., for Texaco, Inc.

Michael L. Pate, Tulsa, Okl., for Cities Service Oil and Gas Corp.

Janice E. Kerr, J. Calvin Simpson, Michael B. Day, San Francisco, Cal., for Public Utilities Com'n of the State of Cal.

Robert W. Gee, Phyllis G. Rainey, Houston, Tex., for Tenneco Oil Co.

Robert C. Platt, Washington, D.C., for Independent Petroleum Ass'n of America.

Douglas Kent Porter, E.R. Island, Glen J. Sullivan, Los Angeles, Cal., for Southern California Gas Co.

Richard C. Green, Washington, D.C., for El Paso Natural Gas Co.

Christopher K. Sandberg, St. Paul, Minn., for Minnesota Dept. of Public Service.

C. Roger Hoffman, Douglas W. Rasch, Houston, Tex., for Exxon Corp.

Thomas D. Carmel, Ernest J. Altgelt, III, Houston, Tex., for Conoco, Inc.

Judy M. Johnson, J. Stephen Martin, Houston, Tex., for Texas Eastern Transmission Corp.

Roberta L. Halladay, Washington, D.C., for United Distribution Companies.

Jerome Mrowca, Paul W. Malloy, Lombard, Ill., for Natural Gas Pipeline Co. of America and United Gas Pipe Line Co.

Frederick Moring, M. Lisanne Crowlye, Washington, D.C., for Associated Gas Distributors.

J. Richard Tiano, John Myler, Mary Ann Walker, Washington, D.C., and Robert C. McHugh, Thomas J. Carroll, III, Lakewood, Colo., for KN Energy, Inc.

Jerome Feit, Solicitor, FERC, John H. Conway, Washington, D.C., for FERC.

J. Paul Douglas, Kevin M. Sweeney, Carroll L. Gilliam, Washington, D.C., Mark J. Forsch, Robert D. Haworth, Houston, Tex., for Mobil Oil.

Thomas G. Johnson, M.G. Brookshier, Charles J. McClees, Jr., Houston, Tex., for Shell Offshore Ins. and Shell Western E & P Inc.

Before CLARK, Chief Judge, THORNBERRY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

United Distribution Companies (UDC) seeks clarification or, in the alternative, a reconsideration of this court's initial determination that venue should be decided by lot or chance.

### Clarification

The proponents and opponents of venue in this circuit and the District of Columbia Circuit briefed and argued both priority of filing under the statute's "first instituted" provision and the relative convenience and ability of each circuit to accord the interests of justice. This court's prior order did deal with both subjects in making the determination that an initial venue decision by lot or chance was an appropriate resolution of the controversy concerning where the proceeding was first instituted. However, the toss of a coin was only intended to settle the "first instituted" issue. This clarification moots the request for reconsideration.

### Consideration of Transfer

Since all parties have now had a more adequate opportunity to develop their positions on whether the convenience of the parties in the interest of justice warrants a transfer of this cause from this circuit to the United States Court of Appeals for the District of Columbia Circuit, this court will now consider whether the convenience of parties in the interest of justice warrants transfer based upon the original and all subsequent memoranda.

In our prior order we concluded that "[e]ach court appears to have the competence and the capacity to render a just and informed decision. Both courts are equally accessible to the parties and to the Commission." Full development of the issue demonstrates that this preliminary conclusion was correct.

UDC reasserts that transfer is necessary to avoid inconsistent decisions on interrelated issues. UDC argues that the District of Columbia Circuit should review Orders No. 451 and 451–A (entitled *Ceiling Prices; Old Gas Pricing Structure*) because that circuit currently has pending before it challenges to FERC Order No. 436 (entitled *Regulation of Natural Gas Pipelines After Partial Wellhead Decontrol*) in a case styled *Associated Gas Distributors v. FERC* (No. 85–1811). The background recitals in Order No. 451 contain the statement that the proposal "to revise old gas prices is intended as a companion to the Commission's Order No. 436." UDC argues that practically every major issue that will be raised in the present appeal is also at issue in the pending Order No. 451 litigation and that many of the substantive rights created by Orders No. 451 and 451–A are contingent upon the status of pipelines established in Order No. 436.

It is clear from a comparison of the 436 and 451 series of orders that both concern natural gas pricing regulations, that both intend to permit the price of gas to respond to market forces, and that both use similar classifications and apply similar principles to the issues raised. To these extents the orders are indeed companions issued by the same regulatory body under the same statutory authority to accomplish a cohesive scheme of regulation.

These similarities are not such, however, as to advise or compel a transfer of this action to the District of Columbia Circuit to avoid fragmenting review of directly related and dependent issues. Order No. 436 concerns natural gas pipeline transportation rules that provide self-implementing, blanket transportation authorizations. Order No. 451 regulations concern the renegotiation of existing wellhead gas sales contracts. Order 451 permits the elimination of a vintaged pricing structure and allows producers willing to enter new contracts to charge a higher maximum lawful price for old gas. This right to negotiate new contracts forms no part of the issues raised about Order No. 436.

The coin toss having fixed venue to decide venue in this Court, we decline to transfer this cause to the District of Co-

lumbia Circuit "for the convenience of the parties in the interest of justice."

The motion to transfer is

DENIED.